UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) | No. 20-CR-10271 |
| CEDRIC CROMWELL,<br>Defendant | ) ) ) ) ) | |

## MOTION FOR BILL OF PARTICULARS

The Defendant, Cedric Cromwell ("Cromwell"), by and through undersigned counsel, respectfully requests, pursuant to Federal Rule of Criminal Procedure 7(f) and the Fifth and Sixth Amendments to the United States Constitution, that this Court order the government to provide a bill of particulars.

## Legal Background

An indictment must provide a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P 7(c)(1). An indictment "should lay out the elements of the charge and the factual circumstances underlying them." *United States v. Elliott*, 689 F.2d 178, 180 (10th Cir. 1982); *see also Yates v. United States*, 404 F.2d 462, 464 (1st Cir. 1968) (noting that "indictment's primary goal" is "that defendant be appraised with reasonable certainty of the nature of the charge against him"). An indictment is only sufficient "if it specifies the elements of the offense charged, fairly apprises the defendant of the charge against which he must defend, and allows him to contest it without fear of double jeopardy." *United States v. Eirby*, 262 F.3d 31, 38 (1st Cir. 2001). As the First Circuit explained:

> A vital function of an indictment is to provide such description of the particular act alleged to have been committed by the accused as will enable him properly to defend against the accusation . . . . This principle is derived directly from the Sixth Amendment's guarantee of the right of an accused to be informed of the nature and cause of the accusation . . . and is basic to the proper functioning of our adversary system of justice. Without sufficient information to identify that conduct which the grand jury has deemed adequate to support an indictment, an accused is at a material disadvantage in meeting the charge against him.

*United States v. Tomasetta*, 429 F.2d 978, 979 (1st Cir. 1970) (internal quotation marks omitted).

In addition to reciting the elements of the charge, an indictment must also "sufficiently appraise the defendant 'of what he must be prepared to meet.'" *Russell v. United States*, 369 U.S. 749, 764 (1962). The general description of the offense can include the statutory language, but "it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *Hamling v. United States*, 418 U.S. 87, 117-18 (1974). Although the indictment need not allege "every factual nugget necessary for conviction," it must provide "some means of pinning down the specific conduct at issue." *United States v. Smith*, 230 F.3d 300, 306 (7th Cir. 2000).

The specificity demanded of indictments protects the accused's Sixth Amendment right to be informed of the "'nature and cause'" of the accusation. *United States v. Prentiss*, 206 F.3d 960, 964 (10th Cir. 2000) (quoting *United States v. Gayle*, 967 F.2d 483, 485 (11th Cir. 1992)). As the Supreme Court explained:

> To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him.

*Russell*, 369 U.S. at 770. Finally, the indictment must enable the defendant to assert a double jeopardy defense at any subsequent proceeding. *Eirby*, 262 F.3d at 38.

## Requests

For the reasons set forth in *Defendant David DeQuatrro's Motion to Dismiss* (Dkt. #34) and *Defendant David DeQuatrro's Reply to the Government's Opposition to his Motion to Dismiss* (Dkt. #41), both of which Mr. Cromwell joined, as well as *Defendant Cedric Cromwell's Motion to Dismiss*, the indictment in this case does not meet these requirements, and the defendants ask this Court to order the government to provide a bill of particulars specifying the following information:

1.  With respect to Counts 1, 2 and 3, identify as to each bribery count:

    a)  the time, place, manner and means of the quid pro quo between Mr. Cromwell and Mr. DeQuattro;

    b)  the nature, time, place, manner and means of the official act(s);

    c)  the nature, time, place, manner and means by which Mr. Cromwell exercised any discretion or exerted any influence in connection with the performance of an official act;

    d)  the individual or entity who was the subject matter of the exercise of Mr. Cromwell's discretion or influence;

    e)  the nature and form of each action or inaction that resulted from the exercise of Mr. Cromwell's discretion or influence;

    f)  the identity of each individual whose action or inaction was impacted from the exercise of Mr. Cromwell's discretion or influence;

    g)  the date and place where Mr. Cromwell exercised any discretion or exerted any influence in connection with the performance of an official act such consent was given;

2.  In connection with Counts 6 through 10, identify as to each extortion count:

a)  the time, place, manner and means by which contributions were received by Mr. Cromwell with the knowledge that they were in exchange for an official act;

b)  the nature of the expression by which Mr. Cromwell's expressed his knowledge that contributions received were in exchange for an official act;

c)  the time, place, manner and means by which Mr. Cromwell implicitly agreed to perform an official act in exchange for contributions;

d)  the time, place, manner and means of the performance by Mr. Cromwell of an official act in exchange for contributions;

e)  the identity of those who witnessed or have knowledge of the performance by Mr. Cromwell of an official act in exchange for contributions;

f)  the time, place manner and means by which an explicit quid pro quo was expressed or understood between Mr. Cromwell and Mr. DeQuattro; he time, place and nature of the denials;

g)  the nature and form of each explicit quid pro quo was expressed or understood between Mr. Cromwell and Mr. DeQuattro;

h)  the time, place, manner and means by which Mr. Cromwell communicated an explicit promise to Mr. DeQuattro to perform or not perform an official act;

i)  the nature, time, place, manner and means of the official act(s);

## Conclusion

For the foregoing reasons, set forth in *Defendant David DeQuatrro's Motion to Dismiss* (Dkt. #34) and *Defendant David DeQuatrro's Reply to the Government's Opposition to his Motion to Dismiss* (Dkt. #41), both of which Mr. Cromwell joined, as well as *Defendant Cedric Cromwell's Motion to Dismiss*, the defendant respectfully requests this Court order the government to provide a bill of particulars.

Respectfully Submitted<br>
CEDRIC CROMWELL<br>
By His Attorney,

_____<br>
Timothy R. Flaherty<br>
FLAHERTY LAW OFFICES<br>
699 Boylston Street, 12th Floor<br>
Boston, MA 02116<br>
(617) 227-1800<br>
BBO # 557477

Dated: February 4, 2021

## CERTIFICATE OF SERVICE

I hereby certify that the above document was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

/s/ Timothy R. Flaherty<br>
Timothy R. Flaherty