UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) | No. 20-CR-10271 |
| DAVID DEQUATTRO,<br>          Defendant | ) ) ) ) ) | |

**MOTION TO JOIN AND SUPPLEMENT DEFENDANT CEDRIC CROMWELL'S MOTION FOR BILL OF PARTICULARS**

Now comes the defendant David DeQuattro, by and through undersigned counsel, and hereby respectfully requests that the Court allow him to join Defendant Cedric Cromwell's Motion for Bill of Particulars, Dkt. 43, to the extent it requests that the government be required to provide the nature, time, place, and manner and means of the official act(s) underlying the bribery charges. In addition, Mr. DeQuattro requests that the government be Ordered to provide the time, place, and manner and means by which Cromwell communicated any promises, threats, or inducements if any such communication was made that gave rise to the alleged understanding that payments would result in any action or inaction on the contract. Alternatively, in the event this Court denies Mr. DeQuattro's request for leave to join and supplement Cromwell's motion, the defense alternatively requests that Mr. DeQuattro be granted leave to file his own motion for bill of particulars pursuant to Fed. R. Crim. P. 7(f) limited to these two issues.

**REQUEST FOR ORAL ARGUMENT**

Mr. DeQuattro respectfully requests that oral argument be held on this Motion, as well as

1

his Motion to Dismiss (Dkt. 34).

## ARGUMENT

Due to the constantly evolving nature of the government's theory, Mr. DeQuattro respectfully asks that the Court exercise its discretion to grant this request more than fourteen days after arraignment. *See* Fed. R. Crim. P. 7(f). In the Indictment itself, "[t]he only action alleged to have been taken by [co-defendant Cedric] Cromwell as an agent of the Tribe and/or the Gaming Authority is his signing checks issued by the Gaming Authority to the Company for amounts invoiced under the Contract." Dkt. 34 at 3 (citation omitted). After Mr. DeQuattro filed a detailed Motion to Dismiss, arguing that this specific factual allegation was insufficient to establish the requisite *quid pro quo* or official act, the government changed course. In its Opposition, the government contended that it was Cromwell's "agreement to use his influence . . . to ensure that the board did not terminate the Contract," not his signing of the checks, that constituted the official act. *See* Dkt. 36 at 5. The problem, as Mr. DeQuattro articulated in reply, was that this newfound termination theory had no factual support whatsoever in the Indictment. *See* Dkt. 41 at 1-3. Now, in opposing co-defendant Cromwell's motion to dismiss, the government has articulated a third theory, this time at a much higher level of abstraction: that Cromwell "us[ed] his position and influence as Chairman of the Tribe and President of the Gaming Authority to ensure favorable action or inaction on the Contract by the Gaming Authority." Dkt. 50 at 1.

Preliminary review of the extensive discovery has not disclosed evidence of any threat, promise, or even communication between Cromwell and Mr. DeQuattro relating to rescinding or terminating the contract, much less a communication tying (the nexus or *quid pro quo* element) a

payment to any action on the contract.  The defendant is without knowledge as to when and where and how Mr. Cromwell is alleged to have communicated to Mr. DeQuattro in a manner to cause the "understanding" as alleged that he would use his influence to affect the contract and/or to prevent its rescission.  Mr. DeQuattro can identify the alleged "*quid*" *i.e.* the donations or payments made to Mr. Cromwell that are specifically alleged.  What he cannot do is identify the alleged "*quo*" *i.e.* the alleged promise or threat or communication or any other basis for the allegation that there was an "agreement" the object of which was that Mr. Cromwell would use his influence on Mr. DeQuattro's behalf.  Before having the opportunity to review the voluminous discovery, counsel could not have known that it would be unable to identify the requested particulars from review of those documents. Further, the government demanded, in its December 11, 2020 discovery letter, that Mr. DeQuattro provide "written notice" of any "intention to offer" an alibi defense. The second request for particulars regarding when and where Mr. Cromwell communicated to Mr. DeQuattro (the "*quo*") is necessary, among other reasons, in order for Mr. DeQuattro to explore the basis for such a defense.  The defense respectfully submits that it cannot possibly respond to this demand absent more information. These considerations support an exercise of the Court's discretion to permit a motion for bill of particulars more than fourteen days after arraignment.

     In light of the foregoing, Mr. DeQuattro requests that the Court Order the government to provide a bill of particulars specifying (1) the nature, time, place, and manner and means of the official act(s) underlying the bribery charges, and (2) the time, place, and manner and means by which Cromwell communicated any promises, threats, or inducements if any such communication was made that gave rise to the alleged understanding that payments would result

in any action or inaction on the contract. The first request is necessary because, given the government's demonstrated willingness to shift its theory of prosecution in response to defense arguments and the highly general nature of its current articulation of the relevant "official act," Mr. DeQuattro faces the very real prospect of unfair surprise at trial absent relief from this Court. The parties should all be permitted to prepare for trial on a static allegation of how Mr. DeQuattro and his co-defendant violated the law. To this point, the defense does not know when the government alleges that Cromwell communicated with Mr. DeQuattro to give rise to the charged *quid pro quo*. These two targeted requests are not intended as a discovery device, but rather as a means to obtain information crucial to the preparation of Mr. DeQuattro's trial defense.

## COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

Undersigned counsel conferred with the Government, and the Government opposes the relief requested in this Motion.

> Respectfully Submitted,
> DAVID DEQUATTRO
> By His Attorney,
>
> **/s/ Martin G. Weinberg**
> Martin G. Weinberg, Esq.
> Mass. Bar No. 519480
> 20 Park Plaza, Suite 1000
> Boston, MA 02116
> (617) 227-3700
> owlmgw@att.net

Dated: February 23, 2021

## **CERTIFICATE OF SERVICE**

    I, Martin G. Weinberg, hereby certify that on this date, February 23, 2021, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

**/s/ Martin G. Weinberg**
Martin G. Weinberg, Esq.
