UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) No. 20-CR-10271<br>DAVID DEQUATTRO, )<br>Defendant ) | |

### DEFENDANT'S MOTION TO SEVER COUNTS

Now comes the Defendant David DeQuattro, by and through undersigned counsel, and hereby respectfully requests that, to the extent a trial on all counts would require a continuance in light of congestion resulting from the COVID-19 pandemic and prioritization of other cases, this Honorable Court sever Counts 11 through 14 (alleging filing of false tax returns by co-defendant Cedric Cromwell) from the remaining counts pending in this matter (relating to alleged federal programs bribery and extortion).

This Court has the discretion to sever counts pursuant to Rule 14. *See* Fed. R. Crim. P. 14, advisory committee notes ("[S]everance . . . is entirely in the discretion of the court." (citing cases)). It also "has authority and responsibility for managing . . . trials before it so as to protect the interests of the parties and the public in just determination of a criminal proceeding with 'simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay.'" *United States v. Shea*, 750 F. Supp. 46, 49 (D. Mass. 1990) (quoting Fed. R. Crim. P. 2). "To serve these objectives, a court may tailor the size of a case and length of a trial by limiting the number of

1

counts and the number of defendants." *Id.*

Here, the defense based on pre-trial discovery reasonably believes that sixteen potential government witnesses, expected to provide more than ten hours of testimony (including direct and cross-examination), will add no evidence to the corruption case involving Mr. DeQuattro, and the Defendant further reasonably believes no admissible evidence that would further the corruption rather than tax case against Mr. Cromwell. Instead, it is reasonably anticipated these witnesses will testify exclusively about Mr. Cromwell's tax case. Severance would significantly reduce the estimated length of another two witnesses' testimony (which is currently estimated to take a combined two hours and thirty-five minutes). Therefore, to the extent joinder of all counts, and the corresponding longer trial, will result in additional delay that would not be required for a trial on only the corruption counts, Mr. DeQuattro requests that the Court exercise its discretion to Order severance. Doing so would accommodate Mr. DeQuattro's continuing request for a speedy trial. With respect to Mr. DeQuattro, the charges set forth in the Superseding Indictment are unchanged from those included in the original Indictment (which has not been dismissed). Accordingly, as an alternative to Ordering a severance of counts, the Court may proceed to trial on the original Indictment.

Co-defendant Cedric Cromwell joins the request set forth in this Motion.

## COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

Undersigned counsel conferred with counsel for the government and the government opposed the defendant's requested relief.

Respectfully Submitted,

        DAVID DEQUATTRO
        By His Attorney,

        **/s/ Martin G. Weinberg**
        Martin G. Weinberg, Esq.
        Mass. Bar No. 519480
        20 Park Plaza, Suite 1000
        Boston, MA 02116
        (617) 227-3700
        owlmgw@att.net

Dated: July 7, 2021

## CERTIFICATE OF SERVICE

    I, Martin G. Weinberg, hereby certify that on this date, July 7, 2021, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

        **/s/ Martin G. Weinberg**
        Martin G. Weinberg, Esq.