UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.                                              )          Criminal No. 20-10271-DPW<br>)<br>(1) CEDRIC CROMWELL and         )<br>(2) DAVID DEQUATTRO,            )<br>)<br>              Defendants        ) | |

## UNITED STATES' OPPOSITION TO
## DEFENDANT DEQUATTRO'S MOTION TO SEVER COUNTS

The government respectfully requests that the Court deny defendant David DeQuattro's motion to sever the bribery counts against DeQuattro and his co-defendant, Cedric Cromwell (Counts One through Ten), from the tax charges against Cromwell (Counts Eleven through Fourteen). DeQuattro asks for the tax counts to be severed if that is the only way to avoid continuing the trial from its currently scheduled start date, September 7, 2021 – a date the government assented to only if no counts were severed – because, he argues, meeting that deadline is necessary to safeguard his Sixth Amendment right to a speedy trial. DeQuattro's motion should be denied because the case can be tried in two weeks starting September 7 without severing any counts. And even if that were not possible, the proper remedy would be a continuance, not severance, given the paramount importance of judicial economy and the fact that a potential violation of DeQuattro's speedy trial right is many months away.

### RELEVANT BACKGROUND

1. **The Indictment and Superseding Indictment**

The original indictment was returned on November 12, 2020. DeQuattro and Cromwell were charged with federal programs bribery, in violation of 18 U.S.C. § 666, and conspiracy to

commit same, in violation of 18 U.S.C. § 371 (Counts One through Five). Cromwell also was charged with extortion under color of official right, and conspiracy to commit same, in violation of 18 U.S.C. § 1951 (Counts Six through Ten). Doc. No. 1. These counts charge that DeQuattro paid Cromwell over $57,000 in bribes in 2014-2017.

The grand jury returned a superseding indictment on March 22, 2021, adding four counts against Cromwell for filing false tax returns, in violation of 26 U.S.C. § 7206(1) (Counts Eleven through Fourteen). Doc. No. 65. The basis for the tax charges is that Cromwell did not report the bribes and two other categories of income on his 2014-2017 tax returns.

Neither defendant has served a day in pretrial custody.

**2. DeQuattro's Speedy Trial Motion**

Four days after the superseding indictment was returned, DeQuattro moved for a speedy trial under the Sixth Amendment. Doc. No. 69. The basis for his motion was that his company had lost contracts as a result of his indictment, and "[c]ontinued delay of these proceedings will only cause further damage, quite possibly irreversibly so, to Mr. DeQuattro's business interests." *Id.* at 3. The government assented to DeQuattro's motion, including both defendants' request for a September 2021 trial, "provided that the trial includes all counts against both defendants." Doc. No. 88 at 1.

The Supreme Court has noted the impossibility of defining when a defendant's constitutional right to a speedy trial has been violated. *Barker v. Wingo*, 407 U.S. 514, 521 (1972). The inquiry does not begin until one year post-indictment; a one-year delay is considered presumptively prejudicial. *United States v. Handa*, 892 F.3d at 95, 101 (1st Cir. 2018). Thus, the inquiry into a potential violation of DeQuattro's right to a speedy trial would not even ripen until November 12, 2021. At that point, the four *Barker* factors would become relevant: length of

2

delay; reason for the delay; the defendant's responsibility to assert his right; and "prejudice to the defendant, particularly 'to limit the possibility that the defense will be impaired.'" *Id.* (quoting *Barker*, 407 U.S. at 530). Two of the *Barker* factors are especially relevant here. First, the reason for any alleged delay is not foot-dragging by the government. It is the congestion of all of the district judges' schedules, and limited courtroom and juror availability, resulting from the COVID pandemic.[1] Second, the potential additional loss to DeQuattro's business that might result from a continuance, while of obvious concern, is less prejudicial than "oppressive pretrial detention," which is not relevant here, or "the possibility that the defense will be impaired," which DeQuattro has not alleged. *Barker*, 407 U.S. at 532.

For these reasons, the government maintains that DeQuattro's constitutional right to a speedy trial would not be at risk until 2022 at the earliest. *Compare id.* at 533-34 (holding that delay of more than five years did not violate defendant's right to a speedy trial); *United States v. Lara*, 970 F.3d 68, 82 (1st Cir. 2020) (18-month delay is "'not at the extreme end of the spectrum' but one that might nevertheless weigh somewhat in the defendant's favor in the overall calculus'") (citing and quoting *United States v. Souza*, 749 F.3d 74, 82 (1st Cir. 2014)), *cert. denied sub nom. Williams v. United States*, __ U.S. __, 2021 WL 2519303 (June 21, 2021); *United States v. Carpenter*, 781 F.3d 599, 615 (1st Cir. 2015) (holding that unjustified delay of 21 months did not rise to a violation; "[w]hile the delay was unfortunate, it did not impair the defense, create any undue pressure, or result in any period of incarceration"); *United States v. Cortez*, No. 20-10198-FDS, 2021 WL 534866, at *6 (D. Mass. Feb. 12, 2021) (in denying dismissal motion based on speedy trial grounds, court noted that "the parties, counsel, and the

---

[1] Among other things, all jury trials were suspended in this district between April 27 and September 9, 2020. D. Mass. General Orders 20-2, 20-21.

court have to contend with the many difficulties that the COVID-19 pandemic created in the judicial system, not the least of which is conducting jury trials safely in multiple-defendant cases"); *with Handa*, 892 F.3d at 107 (affirming dismissal on speedy trial grounds of count which government could have included in original indictment but did not charge until superseding indictment 6½ years later).

### 3. DeQuattro's Motion to Sever the Tax Counts

During a hearing on April 30, 2021, the government consented to a trial date of September 7, 2021, provided that the trial included all counts against both defendants. Doc. No. 88 at 1. The parties agreed that the entire case could be tried in two weeks. The Court scheduled jury selection to begin August 30 and trial to begin September 7. Doc. No. 92.

On June 28, 2021, the Court asked whether counsel's schedules would accommodate a continuance to October 12, 2021. Unfortunately, that date is unavailable.[2] The Court then asked the parties to provide a list of witnesses and expected length of each witness's testimony. On July 2, the parties provided the Court with a witness list estimating that the testimony will total, at the outer limits, approximately 60 hours. The parties noted that they have not yet decided which exhibits or facts can be stipulated to, nor have they yet completed sufficient trial preparation to know which witnesses they will not need to call. The estimate of 60 hours maximum includes eleven hours of testimony by the defendants if they choose to take the stand.

---

[2] AUSA Wichers is scheduled to try a two-week firearms and narcotics case before Chief Judge Saylor starting October 18, 2021. Both defendants have been in custody since November 2017. *United States v. Smith*, No. 18-10087-FDS. Attorney Flaherty has a trial before Judge Mastroianni scheduled to begin with jury selection on November 29, and openings on December 6, 2021. *United States v. Bigda*, No. 18-30051-MGM.

The government remains confident that the entire case can be tried in two weeks of full trial days. The defendants have not explained why their similar view has changed, if indeed it has.

DeQuattro filed his motion on July 7, asking the Court to sever the tax counts "to the extent a trial on all counts would require a continuance in light of congestion resulting from the COVID-19 pandemic and prioritization of other cases." Doc. No. 103 at 1. The basis for DeQuattro's motion is to preserve his right to a speedy trial. *Id.* at 2.

On July 8, the Court conducted a scheduling conference in which it asked the parties to estimate how much testimony time could be saved if the tax counts were severed. The government estimated six hours. However, the number is actually closer to 4½ hours.[3]

## ARGUMENT

"If the joinder of offenses . . . in . . . a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts . . . ." Fed. R. Crim. P. 14(a). Thus, the tax counts may be severed only if trying all counts together appears to prejudice DeQuattro, *i.e.*, if severance is required to ensure his right to a speedy trial.

DeQuattro has failed to make that showing. As explained above, the government believes there would be no potential speedy trial violation until 2022 at the earliest.

Moreover, severance would be ill-advised. "[O]bvious considerations of judicial economy support trying all related counts against the same defendant at one time." *United States*

---

[3] Chelio's testimony is relevant to the bribery counts, not the tax counts, as the government mistakenly represented during the scheduling conference. The government expects to call Carney or Stott, but not both. Similarly, it expects to call Filzer or Harding, but not both. Thus, the government's anticipated witnesses for the tax counts are Escobar (35 min), Harding (50 min), Hernandez (15 min), Pleshaw (55 min), and Stott (65 min), plus half the time estimated for Steelman (50 min), for a total of 4½ hours. Of course, if there were a second trial just on the tax counts, the government would have to call many of the bribery witnesses because it has alleged that Cromwell failed to report his income from DeQuattro.

5

*v. Alosa*, 14 F.3d 693, 695 (1st Cir. 1994). Not only would severing the tax counts shorten the trial by less than one day, it would require a second trial with many of the same witnesses. *See supra* n.3.

Furthermore, the evidence on the tax counts is relevant to Cromwell's state of mind regarding the bribes. Cromwell's tax preparer, Antonio Escobar, is expected to testify that Cromwell told him about his account for Lite Works, LLC – an account that did not receive any of DeQuattro's bribes – and Escobar included a Schedule C for that entity. But Cromwell never told Escobar about his account for One Nation Development, in which Cromwell deposited $18,800 of DeQuattro's bribes, or about DeQuattro's $30,000 that Cromwell deposited into his and his wife's joint account. Cromwell's selective reporting to Escobar (and hence to the IRS) is evidence of concealment, *see, e.g., United States v. Beverley*, 775 F. App'x 468, 475 (11th Cir. 2019), and evidence of concealment can be evidence of corrupt intent, *United States v. Thiam*, 934 F.3d 89, 96 (2d Cir.), *cert. denied*, 140 S. Ct. 654 (2019); *see also United States v. Randazzo*, 80 F.3d 623, 627 (1st Cir. 1996) ("the 'common scheme or plan' rubric is often used to join false statement claims with tax fraud charges where the tax fraud involves failure to report specific income obtained by the false statements[;] ... [i]ndeed, the failure to report may help conceal the fraud"); *United States v. Yefsky*, 994 F.2d 885, 895 (1st Cir. 1993) (holding that tax fraud counts were properly joined with mail fraud counts "because some of the unreported income was the fruit of the mail fraud scheme"); *United States v. Liberatore*, No. 16-CR-10211-ADB, 2017 WL 2294283, at *2 (D. Mass. May 25, 2017) (where government alleged all three defendants schemed to sell stolen razor blades and two of the three failed to report their income from the scheme, court denied motion to sever the tax counts, reasoning that "the alleged failure to report income . . . included income from the sale of stolen razor blades, and filing false tax

returns could have helped the defendants to conceal the razor blade scheme"). DeQuattro's severance motion is an inappropriate attempt to use the Court's congested schedule as justification to exclude evidence the defendants would prefer the jury not hear.

## CONCLUSION

For these reasons, the government respectfully requests that the Court deny defendant DeQuattro's motion to sever.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By: */s/ Christine Wichers*
Christine Wichers
Assistant U.S. Attorney

### Certificate of Service

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 12, 2021.

*/s/ Christine Wichers*
Christine Wichers
