UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA </br></br> v. </br></br> CEDRIC CROMWELL and </br> DAVID DEQUATTRO, </br> Defendants | No. 20-CR-10271 |

### DEFENDANTS' JOINT REPLY TO THE GOVERNMENT'S OPPOSITION TO THEIR MOTION TO SEVER COUNTS

Now come the Defendants, by and through undersigned counsel, and hereby respectfully submit this Reply to the Government's Opposition to their Motion to Sever Counts.

First, the government's reliance upon the "paramount importance of judicial economy" to argue against severance, Dkt. 107 at 1, is undermined by its suggestion that the evidence exclusive to the tax counts was as little as 4.5 hours, *id.* at 5. The government asserts with little explanation that it would have to "call many of the bribery witnesses" in a tax trial against Cromwell, *id.* at 5 n.3, but in that context the government would only be required to show that Cromwell received the money and did not report it (not that the money was obtained through any alleged bribery). Why the government believes any bribe-trial witnesses other than a record-keeper or summary witness would be required is difficult to ascertain when the undisputed bank records so clearly show moneys from DeQuattro to CM International and then from CM International to Cromwell and from CM International and/or DeQuattro to One Nation

1

Development which is Cromwell's company.  Additionally, as to defendant DeQuattro's knowledge, is the fact that the funds received by Cromwell from DeQuattro were not reported as taxable income.  The defense submits that little if any overlapping testimony would be required to meet the government's burden in a stand alone tax prosecution.

Second, the government's claim that "the evidence on the tax counts is relevant to Cromwell's state of mind regarding the bribes," *id.* at 6, overlooks the fact that Cromwell is also alleged to have failed to pay taxes on other legally obtained funds.  Is it truly the government theory that Cromwell asked for donations and payments from DeQuattro for the specific purpose of violating the tax laws?  The evidence also has no bearing on Mr. DeQuattro's state of mind in making the alleged payments to Cromwell, which he contends were donations not bribes.

In sum, Defendants respectfully request that severance of counts be granted to avoid any continuance that would be required to hold a joint trial.

Respectfully Submitted,
DAVID DEQUATTRO
By His Attorney,

**/s/ Martin G. Weinberg**
Martin G. Weinberg, Esq.
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

CEDRIC CROMWELL
By His Attorney,

**/s/ Timothy R. Flaherty**
Timothy R. Flaherty

                                            Flaherty Law Offices
                                            699 Boylston Street, 12th Floor
                                            Boston, MA 02116
                                            (617) 227-1800

Dated: July 12, 2021

## **CERTIFICATE OF SERVICE**

     I, Martin G. Weinberg, hereby certify that on this date, July 12, 2021, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

                                            **/s/ Martin G. Weinberg**
                                            Martin G. Weinberg, Esq.