UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal. No. 20-cr-10271-DPW |
| v. ) | |
| ) | |
| (1) CEDRIC CROMWELL and ) | |
| (2) DAVID DEQUATTRO, ) | |
| Defendants. ) | |

## UNITED STATES' MEMORANDUM REGARDING FORFEITURE

The United States of America respectfully submits this memorandum regarding forfeiture in this case.

The United States is seeking a forfeiture money judgment and not forfeiture of any specific assets.[1]  The Court, not the jury, determines the amount of any Order of Forfeiture (Money Judgment), after a conviction, at or before sentencing.  *See United States v. Ponzo*, 853 F.3d 558, 589 (1st Cir. 2017) (noting "the rules say nothing about the jury determining the forfeiture [money judgment] amount"); *see also Lindley v. United States*, No. CR 08-10121-LTS, 2018 WL 2247225, at *14 (D. Mass. May 16, 2018) ("[Defendant] had neither a constitutional nor statutory right to a jury trial on the forfeiture allegation because a money judgment, and not forfeiture of specific property, was at issue.") (citations omitted).  At sentencing, the forfeiture money judgment amount is determined under a preponderance of evidence standard.  *See United*

---

[1] Pursuant to Fed. R. Crim. P. 32.2(b)(5), if the government is seeking to forfeit *specific assets*, the defendant has the right to request that the jury determine whether a nexus exists between the specific assets and the crime(s) of conviction.  That jury determination is made in a bifurcated forfeiture proceeding, after the jury has returned a conviction. *See* Fed. R. Crim. P. 32.2(b)(5)(A) ("In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the court must determine before the jury begins deliberating whether either party requests *that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict*.") (emphasis added).

*States v. Cox,* 851 F.3d 113, 129 (1st Cir. 2017).

The portion of the Indictment entitled "Forfeiture Allegation" merely provides the defendants with the required statutory notice that, upon conviction, the United States will seek to forfeit property in accordance with the applicable statutes.  *See* Fed. R. Crim. P. 32.2(a). Accordingly, as the issue of forfeiture is not before the jury in this case, that portion of the Indictment entitled "Forfeiture Allegation" should not be read to, or otherwise shared with, the jury, and the term "Forfeiture" should not be mentioned to the jury.

The United States has conferred with counsel for the Defendants about the position set forth in this memorandum and counsel for the Defendants indicated agreement.

          Respectfully submitted,

          NATHANIEL R. MENDELL
          Acting United States Attorney

By:   */s/  Carol E. Head*
      CHRISTINE WICHERS
      JARED DOLAN
      CAROL E. HEAD
      Assistant U.S. Attorneys
      U.S. Attorney's Office
      John Joseph Moakley U.S. Courthouse
      1 Courthouse Way, Suite 9200
      Boston, MA 02210
      (617)-748-3100
      carol.head@usdoj.gov

Date: August 3, 2021