UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 20-CR-10271 |
| DAVID DEQUATTRO, | ) | |
| Defendant | ) | |
| | ) | |
| _____) | | |

**DEFENDANT DAVID DEQUATTRO'S REQUESTS FOR INSTRUCTIONS TO THE JURY**

Martin G. Weinberg, Esq.
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

## **Table of Contents**

Request No. 1, Caution as to Cooperating Witness……………………………………………1

Request No. 2, Character Evidence…………………………………………………………….2

Request No. 3, Elements of the Offense: Federal Programs Bribery……………………………..3

Request No. 4, Specific Allegations and Unanimity…………………………………………...5

Request No. 5, Corrupt Intent and Requirement of *Quid Pro Quo* Exchange……………………6

Request No. 6, Campaign Contributions………………………………………………………7

Request No. 7, No Contribution Limits for Tribal Elections………………………………………..9

Request No. 8, Requirement of Explicit *Quid Pro Quo*…………………………………………10

Request No. 9, Subjective Fear Not Sufficient…………………………………………………..11

Request No. 10, Gifts…………………………………………………………………………12

Request No. 11, Payments and Gifts to Promote Goodwill…………………………………...13

Request No. 12, Gratuities and Rewards…………………………………………………...14

Request No. 13, No Bribery in Execution of Contract…………………………………………..15

Request No. 14, Requirement of Payment on Behalf of the Company …………………………16

Request No. 15, Definition of Official Act……………………………………………………17

Request No. 16, Specificity of Question or Matter to be Influenced……………………………19

Request No. 17, Requirement of Power to Act…………………………………………………20

Request No. 18, Requirement of Change in Official Acts………………………………………21

Request No. 19, Requirement of Discretionary Action…………………………………………22

Request No. 20, Requirement of Official's Intent……………………………………………23

Request No. 21, Good Faith…………………………………………………………………...24

Request No. 22, Conspiracy……………………………………………………………...26

Request No. 23, Summary Charts…………………………………………………………..29

**Request No. 1**

**Caution as to Cooperating Witness**

You have heard the testimony of the Company President.  He provided evidence under agreements with the government and testified under a grant of immunity.  It is obvious that promises of immunity or leniency premised on cooperation in a particular case may provide a strong inducement to falsify in that case.  For this reason, the Company President's testimony must be scrutinized with great care and caution to be certain that it is not shaded or slanted in such a way to serve the interests of the witness rather than that of the truth.  You should not convict Mr. DeQuattro based on the Company President's unsupported testimony unless you find beyond a reasonable doubt that the Company President is telling the truth.[1]

---

[1] *See United States v. Dailey*, 759 F.2d 192, 198, 200 n.8 (1st Cir. 1985); *United States v. Abdelaziz*, No. 19-CR-10080 (D. Mass.), Dkt. 2014 at 5 (government's proposed instruction).

**Request No. 2**

**Character Evidence**

Defendant DeQuattro presented evidence to show that he enjoys a reputation for honesty, truthfulness and integrity in his community.  Such evidence may indicate to you that it is improbable that a person of such character would commit the crimes charged, and, therefore, cause you to have a reasonable doubt as to his guilt.  You should consider any evidence of Mr. DeQuattro's good character along with all the other evidence in the case and give it such weight as you believe it deserves.  If, when considered with all the other evidence presented during this trial, the evidence of Mr. DeQuattro's good character creates a reasonable doubt in your mind as to his guilt, you should find him not guilty.[2]

---

[2] *See* Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 2.19.

**Request No. 3**

**Elements of the Offense: Federal Programs Bribery**

Mr. DeQuattro is charged in Counts 4 and 5 with corruptly giving, offering, and agreeing to give a bribe to defendant Cromwell, while Mr. Cromwell was acting as an agent for a federally funded program.  Such activity if proven beyond a reasonable doubt is a violation of federal law. You must consider each of these counts and the facts and circumstances you find in evidence regarding each separately.  Your decision as to each one of these counts does not necessarily mean that you will reach the same decision with respect to the other count.

In order to find Mr. DeQuattro guilty on Count 4 or 5, you must find that the government has convinced you beyond a reasonable doubt of the following:

First, that at the time alleged in the indictment Mr. Cromwell, as Chairman, was an agent of the Mashpee Wampanoag Tribe.

Second, that the Mashpee Wampanoag Tribe received federal benefits in excess of $10,000 in the one-year period during which the alleged bribery took place.

Third, that Mr. DeQuattro, acting on behalf of the Company, provided something of value to Mr. Cromwell.

Fourth, that Mr. DeQuattro acted corruptly with the intent to influence Mr. Cromwell.  This element requires that the government prove beyond a reasonable doubt the existence of a *quid pro quo* or a specific intent to give something in exchange for an official act, as defined in more detail below.

Fifth, that the value of the Tribal business at issue was at least $5,000.[3]

_____

[3] Adapted from jury instructions in *United States v. Correia*, No. 18-CR-10364 (D. Mass.), Dkt. 222 at 13.

**Request No. 4**

**Specific Allegations and Unanimity**

In Count 4, the government alleges that Mr. DeQuattro provided $10,000 to Mr. Cromwell on or about November 13, 2015.

In Count 5, the government alleges that Mr. DeQuattro provided to Mr. Cromwell (1) a Bowflex Revolution home gym valued at $1,700 on or about August 5, 2016; (2) $4,000 on or about January 12, 2017; and (3) $1,849.37 for a stay at the Seaport Boston Hotel on or about May 18, 2017.

In order to meet its burden of proof, the government must convince you beyond a reasonable doubt with respect to each count that at least one of the payments or benefits was provided by Mr. DeQuattro on behalf of the Company corruptly in exchange for Mr. Cromwell being influenced in the performance of his official acts, as defined below.

As to Count 5, it is not sufficient for the government to meet its burden if some but not all jurors find that one payment or benefit was provided corruptly in exchange for Mr. Cromwell being influenced in the performance of his official acts and other but not all jurors find that one of the other payments or benefits was provided corruptly in exchange for Mr. Cromwell being influenced in the performance of his official acts.  The jury must be unanimous with respect to at least one payment or benefit as alleged in Count 5 for the government to meet its burden of proof regarding that count.[4]  Absent such unanimity, the Defendant is entitled to be found not guilty.

---

[4] Adapted from jury instructions in *United States v. Correia*, No. 18-CR-10364 (D. Mass.), Dkt. 222 at 4.

**Request No. 5**

**Corrupt Intent and Requirement of *Quid Pro Quo* Exchange**

In order to convict Mr. DeQuattro of bribery, the government must prove beyond a reasonable doubt that he corruptly provided something of value to Mr. Cromwell in exchange for Mr. Cromwell being influenced in the performance of an official act.  Corrupt intent entails a *quid pro quo* – a specific intent to give or receive something of value *in exchange* for an official act.[5] The burden to prove a *quid pro quo* exchange, as with all other elements of the crime, always rests with the government.

---

[5] *See United States v. Sun-Diamond Growers of Calif.*, 526 U.S. 398, 404-05 (1999); *United States v. Bravo Fernandez*, 722 F.3d 1, 19 (1st Cir. 2013).

**Request No. 6**

**Campaign Contributions**

Political contributions are an important, unavoidable, and completely legitimate part of the American system of privately financed elections. The law recognizes that virtually every political contribution is given to an elected public official because the giver supports the acts done or to be done by the elected official. The Supreme Court has recognized that legitimate, honest political contributions are given to reward public officials with whom the donor agrees and in the generalized hope that that official will continue to take similar official acts in the future.[6] Here, Mr. Cromwell, an elected official of the Mashpee Wampanoag Tribe, was running for re-election and was entitled to receive campaign contributions, just as a politician running for state or federal office would be. In addition, Mr. Cromwell was entitled to raise campaign contributions for other Tribe members running for elected positions on the Tribal Council.

A substantial and legitimate reason to make a contribution to one candidate over another is the hope that the candidate will respond by producing outcomes the supporter favors.[7] The mere possibility that an individual who spends large sums of money may garner influence or access to elected officials does not give rise to *quid pro quo* corruption.[8] The ability to make such expenditures in support or opposition of political candidates is protected by the First Amendment to the U.S. Constitution. Thus, a campaign contribution to an official such as Mr. Cromwell if made to

---

[6] *See McCormick v. United States*, 500 U.S. 257, 272 (1991); *United States v. Siegelman*, 640 F.3d 1159, 1171 (11th Cir. 2011) ("No generalized expectation of some future favorable action will do.").

[7] *See Citizens United v. FEC*, 558 U.S. 310, 359 (2010).

[8] *See McCutcheon v. FEC*, 134 S. Ct. 1434, 1450-51 (2014) (plurality op.).

establish goodwill in the future, to reward some past act by the official, to foster an ongoing or

establish a future personal or business relationship, in the general expectation of some future

benefit, or for any reason other than a corrupt *quid pro quo* is proper.

**Request No. 7**

**No Contribution Limits for Tribal Elections**

Federal and State campaign laws and contribution limitations are inapplicable to Tribal elections or their donors.  There are no limits on the amount of donations candidates for Tribal elections may request or receive.  Accordingly, Mr. DeQuattro's campaign contributions did not violate any such laws.

**Request No. 8**

**Requirement of Explicit *Quid Pro Quo***

For these reasons, you must determine whether Mr. DeQuattro may have intended each of the payments made by him to Mr. Cromwell or to any entity selected by Mr. Cromwell to be campaign contributions.  If the government fails to prove beyond a reasonable doubt that the payments were not campaign contributions, you must find him not guilty unless you also find that the payments were made in return for an explicit promise or undertaking by Mr. Cromwell to perform or not to perform an official act.[9]

The *quid pro quo* exchange must be clear and unambiguous, leaving no uncertainty about the terms of the bargain.  Both the contributor and the public official must understand the bargain to involve exchange of an official action for money.[10]  By contrast, it is not enough for the donor to make the contribution to create goodwill or with the expectation of potential help if needed in the future.[11]  A mere temporal relationship between the donation and an act by the official, even a close temporal relationship, is not enough for conviction.[12]

---

[9] *See McCormick v. United States*, 500 U.S. 257, 273 (1991); *United States v. Allen*, 10 F.3d 405, 412 (7th Cir. 1993) (affirming instruction that, "[f]or a campaign contribution to be a bribe, there must be a specific request by the contributor made of the official to act or to refrain from acting as a quid pro quo for the contribution").

[10] *See United States v. Carpenter*, 961 F.2d 824, 827 (9th Cir. 1992).

[11] *See United States v. Allen*, 10 F.3d 405, 412 (7th Cir. 1993); *United States v. Siegelman*, 640 F.3d 1159, 1171 (11th Cir. 2011).

[12] *See United States Siegelman*, 640 F.3d 1159, 1171 (11th Cir. 2011).

10

**Request No. 9**

**Subjective Fear Not Sufficient**

The required explicit *quid pro quo* cannot be founded on a mere subjective fear on the part of the donor, unconnected to any threat or promise by the public official, that the official might take some negative action against the donor if he does not make a contribution.  This situation lacks the necessary clarity that payment is being corruptly exchanged for an official act, which the First Amendment demands before criminal liability can be based on a protected campaign contribution.

**Request No. 10**

**Gifts**

Ordinary gifts to public officials are not bribes.  Public officials are people too, and they are allowed to have friends.  Public officials and their friends are allowed to exchange gifts among themselves out of friendship or for other lawful reasons, and those gifts are not bribes unless they are corruptly given in exchange for an official act.

**Request No. 11**

**Payments and Gifts to Promote Goodwill**

Similarly, bribery may not be founded on a mere attempt to curry favor. There is a critical difference between bribery and generalized gifts provided in an attempt to build goodwill.[13] Bribery laws are designed solely to prevent *quid pro quo* corruption, where an elected official corruptly exchanges his or her official acts for something of value.[14] But ingratiation and access are not corruption.[15]

Standing alone, providing gifts or payments to public officials is not a crime, even if they are provided by someone seeking to curry favor or influence with those officials. It is not illegal to give a thing of value to a public official merely to build a reservoir of goodwill that might ultimately affect one or more unspecified acts, now or in the future. Offering hospitality to a public official does not violate bribery laws if the intent of the defendant was simply to cultivate a personal, business, or political friendship. Gift giving to cultivate business or political friendships is not against the law, even if you may find that conduct unappealing, and even if you find that the intent of the gift was a general expectation of some future benefit to the donor.[16]

---

[13] *See United States v. Sun–Diamond Growers of California*, 526 U.S. 398, 405-06 (1999).

[14] *See Lodge No. 5 of the FOP v. City of Philadelphia*, 763 F.3d 358, 379 (3d Cir. 2014).

[15] *See Citizens United v. FEC*, 558 U.S. 310, 360 (2010).

[16] *See United States v. Sawyer*, 85 F.3d 713, 741 (1st Cir. 1996); *United States v. Woodward*, 149 F.3d 46, 55 (1st Cir. 1998).

**Request No. 12**

**Gratuities and Rewards**

I also want you to think carefully about what it means for a gift to be *in exchange* for an official act.  A gift is not a bribe, but is instead known as a gratuity, if it is merely a reward for some hoped for or even some expected future act that the public official may take and may have already determined to take, or for a past act that he has already taken.[17]  In those situations, the gift is not in exchange for the public official taking an official act.  Indeed, one cannot agree to perform an act in exchange for payment when that act has already been performed.  A gratuity is not enough to support a guilty verdict for the offenses charged in this case.

---

[17] *See United States v. Bravo Fernandez*, 722 F.3d 1, 19 (1st Cir. 2013).

14

**Request No. 13**

**No Bribery in Execution of Contract**

In this case, the government does not allege that any bribery agreement existed at the time that the Tribal Gaming Authority entered into a contract with the Company.  Accordingly, Mr. Cromwell's involvement in the execution of that contract cannot support a conviction because it occurred prior to any request or agreement relating to any donation or payment by Mr. DeQuattro.

**Request No. 14**

**Requirement of Payment on Behalf of the Company**

All of the government's allegations against Mr. DeQuattro in this case are based on his providing payments or other things of value to Mr. Cromwell on behalf of the Company.[18] Accordingly, in order for you to convict Mr. DeQuattro on any count, you must find that the payment or benefit at issue was provided on behalf of the Company, rather than by Mr. DeQuattro in his personal capacity.

---

[18] *See* Dkt. 1 at ¶ 17 (alleging that object of conspiracy was for Mr. DeQuattro "to give money and other things of value ***from the Company***" to Mr. Cromwell (emphasis added)); *id.* at ¶ 92 (alleging that all purported bribes were "from the Company").

16

## Request No. 15

## Definition of Official Act

The term "official act" means a decision or action on a question, matter, cause, suit, proceeding, or controversy, which may at any time be pending, or which may by law be brought before the public official, in his official capacity. The government must prove beyond a reasonable doubt that Mr. Cromwell intended to be influenced in the performance of an official act or acts at the time of the allegedly corrupt agreement.[19]

First, the government must identify a question, matter, cause, suit, proceeding, or controversy that involves a formal exercise of governmental power that is similar in nature to a lawsuit before a court, a determination before an agency, or a hearing before a committee. It must be specific and focused. This entails something relatively circumscribed – the kind of thing that can be put on an agenda, tracked for progress, and then checked off as complete. Merely arranging or hosting meetings; arranging or hosting events; contacting, calling, or speaking with other government officials; expressing support; lobbying other governmental agencies; and advocating for constituents or supporters; without more, are not official acts.

Second, the government must prove that the public official made a decision or took an action on the relevant question, matter, cause, suit, proceeding, or controversy, or agreed to do so. A public official may gather information about an official act, discuss an official act with others, or express support or opposition to an official act, without that public official actually making a

---

[19] *See McDonnell v. United States*, 136 S. Ct. 2355, 2371 (2016); *United States v. Martinez*, 994 F.3d 1, 6-7 (1st Cir. 2021) (applying official act requirement to 18 U.S.C. § 666).

decision on an official act.[20]

---

[20] *See McDonnell v. United States*, 136 S. Ct. 2355, 2367-72 (2016).

**Request No. 16**

**Specificity of Question or Matter to be Influenced**

While the particular act of influence does not need to be identified at the time of the official's promise or agreement, the particular question or matter to be influenced must be so identified.  The government must therefore prove beyond a reasonable doubt that Mr. Cromwell promised or agreed to influence a focused and concrete question or matter that involves a formal exercise of government power.  The official and the payor must understand the exchange to be payment for specific official acts.  An official's mere promise to take unspecified action for the benefit of the payor is, by contrast, not enough to support a conviction.[21]

---

[21] *See United States v. Silver*, 948 F.3d 538, 553-59 (2d Cir. 2020).

**Request No. 17**

**Requirement of Power to Act**

A *quid pro quo* exists when a person with the power to do or not do something demands a payment from the beneficiary of the exercise of that power as a condition for continuing to do so.[22] Here, the government contends that Mr. DeQuattro and Mr. Cromwell entered into a *quid pro quo* agreement for Mr. Cromwell to ensure that the Company's contract with the Tribe was not terminated. Accordingly, if you find that Mr. Cromwell lacked the power to terminate the agreement, no *quid pro quo* existed and you must find the Defendants not guilty on all counts.

---

[22] *See United States v. Gracie*, 731 F.3d 1, 3 (1st Cir. 2013).

20

**Request No. 18**

**Requirement of Change in Official Acts**

The government must also prove beyond a reasonable doubt that, in exchange for things of value from Mr. DeQuattro, Mr. Cromwell agreed to change an official position that he would otherwise have taken or to take official actions that he would not otherwise have taken but for those things of value.[23]  Accordingly, if you find that Mr. Cromwell would not have terminated the Company's contract regardless of any payments by Mr. DeQuattro, you must find the Defendants not guilty on all counts.

---

[23] *See United States v. Sawyer*, 85 F.3d 713, 741 (1st Cir. 1996) (requiring in Travel Act bribery case "an intent to cause the recipient to alter her official acts"); *United States v. Woodward*, 149 F.3d 46, 55 (1st Cir. 1998); *United States v. Urciuoli*, 613 F.3d 11, 15 (1st Cir. 2010) (affirming, in honest services fraud case, instruction requiring government to prove that payment was intended to cause the recipient "to alter his official acts, to change an official position that he would otherwise have taken or to take official actions that he would not have taken but for the payment"); *United States v. Tavares*, 844 F.3d 46, 56 (1st Cir. 2016) (citing, in the context of state gratuity statute, lack of evidence that official "change[d] his voting pattern" (internal quotation marks omitted)).  *But see United States v. McDonough*, 727 F.3d 143, 160 (1st Cir. 2013).

21

**Request No. 19**

**Requirement of Discretionary Action**

Not every action taken by a public official is an official act.[24]  An official act must involve an exercise of discretion, like for example a legislator supporting a bill, as opposed to a merely ministerial action.[25]  Thus, for example, Mr. Cromwell's mere signing, co-signing, or otherwise providing authorization of payments to the Company that were due under its contract with the Tribe is not an official act, but rather a ministerial act.

---

[24] *See McDonnell v. United States*, 136 S. Ct. 2355, 2368 (2016).

[25] *See Woodward v. United States*, 905 F.3d 40, 42, 47 (1st Cir. 2018).

**Request No. 20**

**Requirement of Official's Intent**

In order for you to find either Defendant guilty, the government must prove that both Defendants corruptly intended for an official act to be committed in exchange for payment, or at least conveyed such an intent to each other.  If, instead, you find the government failed to prove beyond a reasonable doubt that Mr. Cromwell intended to take an official act against Mr. DeQuattro or the Company if they did not make the requested payments, or failed to prove beyond a reasonable doubt that he conveyed such an intent to Mr. DeQuattro, you must find both Defendants not guilty.[26]

---

[26] *See United States v. Shelton*, 997 F.3d 749, 777 (7th Cir. 2021) (stating that alleged conduct "would not constitute honest services fraud unless the defendants intended to take official acts"); *United States v. Ford*, 435 F.3d 204, 212 (2d Cir. 2006) ("The government was . . . required to prove beyond a reasonable doubt that [the defendant] accepted . . . services 'intending to be influenced' in her official duties."); *United States v. Schaffer*, 183 F.3d 833, 841 (D.C. Cir. 1999), *vacated as moot* (describing bribery as "having a two-way nexus").

**Request No. 21**

**Good Faith**

The offenses charged in the indictment require proof that each Defendant acted with criminal intent.  If you find that Mr. DeQuattro acted in "good faith," that alone would be a complete defense against any charge in the indictment because good faith on the part of Mr. DeQuattro would be inconsistent with his acting with a criminal intent.

A person acts in "good faith" when he has an honestly held belief, opinion, or understanding that his conduct was not unlawful, even if the belief, opinion, or understanding turns out to be inaccurate or incorrect.  If, for example, the government fails to prove beyond a reasonable doubt that Mr. DeQuattro did not honestly believe that the payments to Mr. Cromwell were political contributions and/or goodwill payments to foster a relationship with Mr. Cromwell, that is a complete defense and Mr. DeQuattro is entitled to an acquittal on all counts.

Additionally, if you find that a Company lawyer endorsed, or even declined to discourage, one or more of Mr. DeQuattro's payments, that would be evidence of his good-faith belief in the legality of his subsequent actions.[27]

The Defendants do not have the burden of proving "good faith."  Good faith is a defense because it is inconsistent with the intent requirement of the offenses charged.  As I have told you, it is the government's burden to prove beyond a reasonable doubt each element of the offense, including the mental state element.  In deciding whether the government proved that Mr. DeQuattro acted with the criminal intent required of any particular charge or, instead, whether Mr. DeQuattro

---

[27] *See United States v. Greenspan*, 923 F.3d 138, 146 (3d Cir. 2019); *United States v. Scully*, 877 F.3d 464, 476 (2d Cir. 2017).

24

acted in good faith, you should consider all of the evidence presented in the case that may bear on

his state of mind.  If you find from the evidence that Mr. DeQuattro acted in good faith, as I have

defined it, or if you find for any other reason that the government has not proved beyond a

reasonable doubt that Mr. DeQuattro acted with the corrupt criminal mental state required for any of

the charges, as I have instructed you, then you must find him not guilty of that offense.

**Request No. 22**

**Conspiracy**

Count 1 of the Indictment charges that from on or about July 1, 2014, through on or about August 18, 2017, in the District of Massachusetts and elsewhere, Mr. DeQuattro and Mr. Cromwell conspired with each other and other persons to commit offenses against the United States, namely giving and accepting bribes, and that, to further the objective of the conspiracy, at least one member of the conspiracy committed at least one overt act.  It is against federal law to conspire with someone to commit bribery.

For you to find Mr. DeQuattro guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that the agreement specified in the indictment for Mr. DeQuattro, acting on behalf of the Company, to provide something of value to Mr. Cromwell in exchange for Mr. Cromwell being influenced in the performance of his official acts, and not some other agreement or agreements, existed;

Second, that Mr. DeQuattro willfully joined with Mr. Cromwell in that agreement; and

Third, that one of the conspirators committed an overt act during the period of the conspiracy in an effort to further the purpose of the conspiracy.

A conspiracy is an agreement, spoken or unspoken.  The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.  But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.  Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests

26

does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

Ultimately, the very definition of an agreement is a meeting of the minds, and unless at least two people commit the act of agreeing, no one does.[28]  Accordingly, if the government fails to prove beyond a reasonable doubt that Mr. DeQuattro or Mr. Cromwell agreed to commit bribery, you must find both Defendants not guilty of conspiracy.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed – that is to say, with bad purpose, either to disobey or disregard the law – not to act by ignorance, accident or mistake.  The government must prove two types of intent beyond a reasonable doubt before Mr. DeQuattro can be said to have willfully joined the conspiracy: an intent to agree and an intent that federal programs bribery be committed.

Proof that Mr. DeQuattro willfully joined in the agreement must be based upon evidence of his own words and/or actions.  While you need not find that Mr. DeQuattro agreed specifically to or knew about all the details of the crime, the government must prove that Mr. DeQuattro and Mr. Cromwell corruptly agreed to an exchange of payment for influence in Mr. Cromwell's performance of his official acts.  Unless you find beyond a reasonable doubt that Mr. DeQuattro and Mr. Cromwell both agreed to act with corrupt intent, you must find them both not guilty of conspiracy.

An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy.  Only one overt act has to be proven.  The

---

[28]  *See United States v. Arbane*, 446 F.3d 1223, 1230 n.12 (11th Cir. 2006); *United States v. Harris*, 733 F.2d 994, 1005 (2d Cir. 1984).

government is not required to prove that Mr. DeQuattro personally committed or knew about the overt act.  It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.[29]

---

[29] Adapted from Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 4.18.371(1).

**Request No. 23**

**Summary Charts**

You have seen certain summary charts, which the Rules of Evidence allow the parties to use to help you understand the evidence in this case.  You may not, however, rely on these charts as independent evidence.  Instead, your deliberations should focus on the evidence upon which the charts are based.[30]

---

[30] *See United States v. Simmons*, 999 F.3d 199, 219-20 (4th Cir. 2021).

Respectfully Submitted,
DAVID DEQUATTRO
By His Attorney,

**/s/ Martin G. Weinberg**
Martin G. Weinberg, Esq.
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

Dated: August 6, 2021

## CERTIFICATE OF SERVICE

I, Martin G. Weinberg, hereby certify that on this date, August 6, 2021, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

**/s/ Martin G. Weinberg**
Martin G. Weinberg, Esq.