UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CEDRIC CROMWELL, and | ) | Criminal No. 20-10271-DPW |
| DAVID DEQUATTRO, | ) | |
| | ) | |
| Defendants. | ) | |

**SCHEDULING AND PROCEDURAL ORDER**
August 16, 2021

A trial judge has two fundamental responsibilities: to take all reasonable steps to ensure the safety of those in trial-related spaces within the courthouse and to take all reasonable steps to ensure the integrity of the trial process itself.   After careful consideration of the current status of public health considerations in light of the apparent resurgence of Covid infections under ongoing pandemic conditions facing the jury pool from which a jury panel for this case must be selected, I have determined that it would be improvident to undertake trial on the aggressive schedule previously established.

This decision is reluctantly made in an effort to meet my responsibilities to ensure the safety of all trial participants, to avoid stress on the jury selection process for this district where multiple cases in which defendants — unlike the defendants now before me — are in custody awaiting trial before a number of my colleagues, and following preliminary review of pretrial filings by the parties last week that make clear further intensive pre-trial proceedings, including the likelihood of evidence hearings, will be required.   Such further pre-trial

proceedings include resolution of sensitive matters necessary to guide the parties' respective presentations and to mitigate the potential for collaterally affecting fair trial rights of the parties.   These factors, among others, have now convinced me that the current trial schedule would be imprudent.

I must emphasize that the parties have worked with exceptional diligence and commendable professionalism to frame the current aggressive schedule in order to consider commencing presenting the case to a jury venire beginning the week before Labor Day.   Nevertheless, a clear-eyed evaluation of the multiple uncertainties the current public health and pretrial preparation demands of this case present have caused me on full reflection to conclude that commencement of the trial on that basis would not safely and fairly accommodate all the various legitimate interests that trial scheduling must balance and serve.

Consequently, while pretrial proceedings will continue on the current schedule established by Final Order, ECF # 93, on May 4, 2021, with further pretrial hearings as previously scheduled on August 19 and August 30 and additional pretrial proceedings — including likely evidentiary hearings — anticipated during the period previously set for the actual trial, the commencement of actual trial of this case is now continued.

While recognizing that various competing commitments of the parties have previously been reported that suggest dates later in the fall to undertake a trial not constrained by the uncertainties of current circumstances will prove

2

unavailable, I nevertheless commit to continue to give this case precedence on the trial list for my session, and offer to provide the parties with a trial that could commence in October, November or December — developing circumstances permitting — should the parties' several other trial commitments during those months no longer prove impediments.   After consultation with my colleagues, however, I must make clear that the potential for a new trial date in this case should not be presented to any other judges as grounds for vacating that judge's pre-set trial dates involving counsel before me in this case.   Based upon previous discussions with the parties about potential trial dates and an assessment of future public health concerns, it appears at this point that the earliest unencumbered trial commencement date for this case is likely to be on Tuesday, January 11, 2022.

Consequently, pending further order of this court, the trial in this case on the charges of the initial indictment is now continued to begin with jury selection in Courtroom 1 the week of January 10, 2022.   The trial will proceed in accordance with my previous allowance of the defendants' motion to sever, which will stand as applicable to any continued trial date.


*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

3