UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 20-10271-DPW |
| | ) | |
| (1) CEDRIC CROMWELL and | ) | |
| (2) DAVID DEQUATTRO, | ) | |
| | ) | |
| Defendants | ) | |

**GOVERNMENT'S OBJECTIONS TO
DEFENDANT DEQUATTRO'S PROPOSED JURY INSTRUCTIONS**

The Government respectfully objects to the following jury instructions proposed by defendant David DeQuattro (Doc. No. 124).[1]

**Request No. 1: Caution as to Cooperating Witness**

The following sentence proposed by Mr. DeQuattro should be rejected because it is argumentative, unsupported by either of his citations, and inconsistent with the more tempered language in the First Circuit's pattern instruction 2.08: "It is obvious that promises of immunity or leniency premised on cooperation in a particular case may provide a strong inducement to falsify in that case."

The Court should also reject the following requested instruction: "You should not convict Mr. DeQuattro based on the Company President's unsupported testimony unless you find beyond a reasonable doubt that the Company President is telling the truth." Mr. DeQuattro bases this request on a similar instruction given in *United States v. Dailey*, 759 F.2d 192, 200 n.8 (1st Cir. 1985), concerning a drug smuggler whose accomplice testified pursuant to a plea and

---

[1] Defendant Cromwell has not proposed any jury instructions.

cooperation agreement. The First Circuit, however, has cautioned against use of the *Dailey* instruction: "*Dailey* makes clear that the court considered the quoted instructions to be adequate. The court did not, however, intimate that those precise instructions were obligatory. Indeed, in many cases, the *Dailey* language will not be appropriate. It is bedrock principle that, in the ordinary case, a jury need not believe every government witness beyond a reasonable doubt in order to conclude that the defendant is guilty beyond a reasonable doubt – and *Dailey* did not venture to alter that principle." *United States v. Paniagua-Ramos*, 251 F.3d 242, 248 (1st Cir. 2001). The *Paniagua-Ramos* court added that the *Dailey* instruction would be advisable "where the accomplice's uncorroborated testimony is the only evidence of guilt." *Id.* at 248 n.3. That will not be the case here.

Furthermore, Mr. DeQuattro's proposed *Dailey* instruction essentially would direct the jury to discredit all of the Company President's testimony if they disbelieve any of it. Such an instruction would contravene the rule that, even if jurors disbelieve some portion of a witness's testimony, they may credit the rest. *See United States v. Mangual-Corchado*, 139 F.3d 34, 38 (1st Cir. 1998) ("as correctly instructed at trial, the jury was entitled to credit all, any or none of the testimony of each witness") (citing *United States v. Femia*, 57 F.3d 43, 49 (1st Cir. 1995)); *United States v. Taglianetti*, 456 F.2d 1055, 1056 (1st Cir. 1972) ("The *falsus in uno, falsus in omnibus* instruction has long been rejected.").

### Request No. 2: Character Evidence

The jury should not be instructed that Mr. DeQuattro "presented evidence that he enjoys a reputation for . . . truthfulness . . . in his community" unless he presents such evidence, which he may do only if his character for truthfulness is first "'attacked by opinion or reputation

2

evidence or otherwise.'" *United States v. Angelini*, 678 F.2d 380, 382 n.1 (1st Cir. 1982) (quoting Fed. R. Evid. 608(a)).

The jury should not be instructed that Mr. DeQuattro "presented evidence that he enjoys a reputation for . . . integrity in his community." A defendant may offer character evidence only relating to a "pertinent trait," such as character as a law-abiding person. Fed. R. Evid. 404(a)(2)(A); *see Angelini*, 678 F.2d at 382. He may not introduce evidence of general good character. *Angelini*, 678 F.2d at 381 (evidence of "good character generally . . . is not admissible"). "Integrity" is a broad term essentially meaning general good character.

### Request No. 3: Elements of the Offense – Federal Programs Bribery

Mr. DeQuattro describes the third element of the offense alleged in Counts 4 and 5 as requiring proof that he provided something of value to Mr. Cromwell while "acting on behalf of the Company." That is not an element of a Section 666(a)(2) violation and should be excluded from the instructions. *See also* Govt's Objection to DeQuattro's Request No. 14, *infra*.

### Request No. 6: Campaign Contributions

This entire instruction is argumentative and should be rejected. *See United States v. Wood*, 982 F.2d 1, 3 (1st Cir. 1992). "A trial judge is under no obligation to give a requested jury instruction that misstates the law, is argumentative, or has been covered adequately by other instructions." *United States v. Mata*, 491 F.3d 237, 241 (5th Cir. 2007) (internal quotation marks omitted).

### Request No. 7: No Contribution Limits for Tribal Elections

The Government objects to the last sentence ("Mr. DeQuattro's campaign contributions did not violate any such laws") as unnecessary, misleading, and confusing. The instructions

should not describe Mr. DeQuattro's payments as campaign contributions because that is a disputed issue. Furthermore, the jury should not be instructed on campaign laws. They should be instructed only on the laws that Mr. DeQuattro is charged with violating.

### Request No. 8: Requirement of Explicit *Quid Pro Quo*

The first sentence of Mr. DeQuattro's proposed instruction ("you must determine whether Mr. DeQuattro *may have intended* each of the payments made by him to Mr. Cromwell or to any entity selected by Mr. Cromwell to be campaign contributions") misstates the law. The jury must determine whether the payments *were* campaign contributions. *McCormick*, 500 U.S. at 273. To decide that issue, "the intention of the parties" is one relevant factor but not the only one. *Id.* at 271. If the jury determines that a payment was a campaign contribution, and that the Government has proved an explicit quid pro, they may find Mr. DeQuattro guilty. *See id.* at 273.

### Request No. 9: Subjective Fear Not Sufficient

Mr. DeQuattro's proposed instruction ("The required explicit *quid pro quo* cannot be founded on a mere subjective fear on the part of the donor, unconnected to any threat or promise by the public official ....") misstates the law. An explicit quid pro quo does not require a threat or promise by the official. In fact, it does not require words. It may be implied from the parties' actions and conduct. *See* Govt's Proposed Jury Instr. at 24-25 & nn.33-35; *e.g., Cordaro v. United States*, 933 F.3d 232, 244 (3d Cir. 2019) (county commissioner solicited and accepted bribes from civil engineering firm that was afraid it would lose existing contracts if it did not pay).

### Request No. 10: Gifts

The proposed instruction is both unnecessary and argumentative and should be rejected.

*See United States v. Wood*, 982 F.2d 1, 3 (1st Cir. 1992). While it is true that public officials are allowed to have friends, they may not accept bribes from friends. *See, e.g., United States v. Woodward*, 149 F.3d 46, 53 (1st Cir. 1998) (affirming conviction of state legislator who accepted bribes from lobbyist friend).

### Request No. 12: Gratuities and Rewards

The Court should use the simpler, clearer instruction it gave in *Correia*: "This is not a tip, not a gratuity. We're talking about … quid pro quo. This for that." *United States v. Correia*, No. 18-10364-DPW, Tr. of Jury Trial Day 14 (May 10, 2021) at 135.

If the Court is inclined to adopt Mr. DeQuattro's proposed instruction, the first sentence should read as follows, to state the law correctly: "I also want you to think carefully about what it means for a gift to be in exchange for an agreement to perform or not perform an official act."

### Request No. 13: No Bribery in Execution of Contract

Mr. DeQuattro's proposed instruction is confusing and should be rejected. Mr. Cromwell's involvement in the execution of the contract is obviously not a basis, in and of itself, to "support a conviction." No such charge is contained in the indictment. But the evidence concerning the execution of the contract is intrinsic to the conspiracy and the jury should be permitted to consider it together with all other relevant evidence.

### Request No. 14: Requirement of Payment on Behalf of the Company

The Court should reject Mr. DeQuattro's request for an instruction requiring the jury to find that Mr. DeQuattro's payments to Mr. Cromwell were made "on behalf of the Company." That is the Government's theory but it is not a required element of the offense. *See also* Govt's Obj. to DeQuattro's Request No. 3, *supra*.

**Request No. 15: Definition of Official Act**

Mr. DeQuattro's proposed *McDonnell* instruction is incomplete and partisan. He proposes the following: "Merely arranging or hosting meetings; arranging or hosting events; contacting, calling, or speaking with other government officials; expressing support; lobbying other governmental agencies; and advocating for constituents or supporters; without more, are not official acts." If that language is to be included, it should be balanced out with the following language in *McDonnell*:

> Of course, this is not to say that setting up a meeting, hosting an event, or making a phone call is always an innocent act, or is irrelevant, in cases like this one. If an official sets up a meeting, hosts an event, or makes a phone call on a question or matter that is or could be pending before another official, that could serve as evidence of an agreement to take an official act. A jury could conclude, for example, that the official was attempting to pressure or advise another official on a pending matter. And if the official agreed to exert that pressure or give that advice in exchange for a thing of value, that would be illegal.
>
> \*   \*   \*
>
> For example, a decision or action to initiate a research study . . . would qualify as an "official act." A public official may also make a decision or take an action on a "question, matter, cause, suit, proceeding or controversy" by using his official position to exert pressure on another official to perform an "official act." In addition, if a public official uses his official position to provide advice to another official, knowing or intending that such advice will form the basis for an "official act" by another official, that too can qualify . . . .

*McDonnell*, 136 S. Ct. at 2370, 2371.

In addition, the following language proposed by Mr. DeQuattro is flatly wrong: "Second, the government must prove that the public official made a decision or took an action on the relevant question, matter, cause, suit, proceeding, or controversy, or agreed to do so." *McDonnell* makes clear that the former is never required: "A public official is *not required* to actually make a decision or take an action on a 'question, matter, cause, suit, proceeding or controversy'; it is

enough that he agree to do so." *Id.* at 2359 (emphasis added).

### Request No. 16: Specificity of Question or Matter to be Influenced

The parties agree that the official must understand that payment is being given to him with the understanding that he will influence a particular question or matter – in this case, the Company's contract. *See United States v. Silver*, 948 F.3d 538, 552 (2d Cir. 2020), *cert. denied*, 141 S. Ct. 656 (2021).

The rest of Mr. DeQuattro's proposed instruction should be rejected because it is confusing and misstates the law. Contrary to the requested language, the Government does not have to prove that the official actually made any promise or agreement. It need only prove that he *conveyed* an agreement, regardless of whether he intended to follow through or did follow through. *See* Govt's Proposed Jury Instr. at 20 & nn.20-21. In addition, while the requested instruction first notes – correctly – that the official need not identify any "particular act" of influence, *see Silver*, 948 F.3d at 552 ("we disagree that *McDonnell* requires identification of a particular act of influence"), it goes on to say that the official must do more than promise "unspecified action," incorrectly implying that he must specify an action, *i.e.*, identify a particular act.

### Request No. 17: Requirement of Power to Act

This proposed instruction misstates the law. To begin with, the jury does not have to find that Mr. Cromwell demanded a payment from Mr. DeQuattro. A quid pro quo need not be spoken; it can be implied from the parties' actions and conduct. *See* Govt's Proposed Jury Instr. at 21 & n.24. If Mr. DeQuattro understood that failure to pay Mr. Cromwell would risk termination of the Company's contract, and he thereafter gave a stream of benefits to Mr.

Cromwell which Mr. Cromwell accepted, in exchange for Mr. Cromwell's official authority in maintaining the contract, the jury may properly find a quid pro quo. Moreover, the Government does not have to prove that Mr. Cromwell had the power to terminate the Company's contract. *See id.* at 20 & n.22.

### Request No. 18: Requirement of Change in Official Acts

The requested instruction misstates the law. Mr. DeQuattro's interpretation of *United States v. Sawyer*, 85 F.3d 713 (1st Cir. 1996), was rejected in *United States v. McDonough*, 727 F.3d 143 (1st Cir. 2013). There the court stated:

> McDonough next argues that the district court erroneously refused to instruct the jury that, in order to find quid pro quo bribery, it must find that a payment was made "with the specific intent of causing Mr. DiMasi to alter his official acts, to change his official position that he otherwise would not have taken or to take official actions that he would not have taken but for the payment." . . . .

> McDonough argues that the instruction [given by the trial court] conflicts with our precedent, as set forth in *United States v. Sawyer*, 85 F.3d 713 (1st Cir. 1996). There, after noting that the jury must be adequately informed that "cultivation of business or political friendship" is not bribery, we observed that "[o]nly if instead or in addition, there is an intent to cause the recipient to alter her official acts may the jury find a theft of honest services or the bribery predicate of the Travel Act...."

> Nowhere in *Sawyer*, however, did we equate "alter" with "doing something the official would not have otherwise done." *See also City of Columbia v. Omni Outdoor Adver.*, 499 U.S. 365, 378 (1991) (observing, in dicta, that "[a] mayor is guilty of accepting a bribe even if he would and should have taken, in the public interest, the same action for which the bribe was paid").... We find no error in the court's refusal to give the requested instruction.

*Id.* at 159-60. The only post-*McDonough* case cited by Mr. DeQuattro is not on point. It describes a change in a public official's voting pattern as one type of evidence that Massachusetts state courts have accepted as proof of a quid pro quo in the context of the Massachusetts gratuities statute. *United States v. Tavares*, 844 F.3d 46, 55 (1st Cir. 2016).

**Request No. 19: Requirement of Discretionary Action**

It is not the law, and the case cited by Mr. DeQuattro does not hold, that an official act must involve the exercise of discretion. For example, an official without discretionary authority over a pending matter violates Section 666 if, in exchange for a thing of value, he agrees to pressure or advise another official who has authority over that matter. *See McDonnell*, 136 S. Ct. at 2371. For this reason it is misleading to define "official act" with the example of "a legislator supporting a bill" without including other examples where the defendant does not have the ultimate discretion to effect the official act.

In addition, it would be error to instruct the jury that Mr. Cromwell's decisions to authorize payment to the Company under the contract, or to sign or cosign checks, were not official acts. That is for the jury to decide. *See, e.g., United States v. McNair*, 605 F.3d 1152, 1198 (11th Cir. 2010) (rejecting sufficiency challenge raised by defendants who argued they could not have corruptly intended to influence official because official's duties allegedly were ministerial).

**Request No. 20: Requirement of Official's Intent**

The requested instruction misstates the law. The counts against Mr. DeQuattro do not require the Government to prove Mr. Cromwell's intent. "[A] public official is not required to actually make a decision or take an action on a 'question, matter, cause, suit, proceeding or controversy'; it is enough that the official agree to do so. The agreement need not be explicit, and the public official need not specify the means that he will use to perform his end of the bargain. Nor must the public official in fact intend to perform the 'official act,' so long as he agrees to do so." *McDonnell*, 136 S. Ct. at 2370-71 (citing *Evans v. United States*, 504 U.S.255, 268 (1992)).

9

*See* Govt's Proposed Jury Instr. at 20 & n.20.

### Request No. 21: Good Faith

The following sentence misstates the law: "If . . . the government fails to prove beyond a reasonable doubt that Mr. DeQuattro did not honestly believe that the payments to Mr. Cromwell were political contributions . . . , that is a complete defense and Mr. DeQuattro is entitled to an acquittal on all counts." Even if Mr. DeQuattro's payments were political contributions, he violated Section 666(a)(2) if he gave them to Mr. Cromwell in exchange for an explicit quid pro quo. *McCormick*, 500 U.S. at 273.

### Request No. 22: Conspiracy

The proposed instruction misstates the law. The jury may find that Mr. DeQuattro conspired to commit federal programs bribery if he agreed with the Company President to commit bribery and acted with corrupt intent. The jury does not have to find either that Mr. Cromwell joined the agreement or that he acted with corrupt intent.

### Request No. 23: Summary Charts

The summary charts should be admitted as substantive evidence. The parties have briefed this issue in motions in limine.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By:  */s/ Christine Wichers*
Christine Wichers
Jared C. Dolan
Assistant U.S. Attorneys

10

**<u>Certificate of Service</u>**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 26, 2021.

<u>*/s/ Christine Wichers*</u>
Christine Wichers