UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DAVID DEQUATTRO, )<br>        Defendant )<br>) | Criminal No. 20-CR-10271 |

## **ASSENTED-TO MOTION FOR JUDICIAL NOTICE**

Now comes the Defendant, David DeQuattro, by and through undersigned counsel and hereby respectfully requests this Honorable Court to take judicial notice of two subject-matters that are not subject to dispute and the accuracy of which is not questioned:

(1) Federal and State campaign laws and contribution limitations, including the Federal Election Campaign Act, are not applicable to Tribal elections or their donors, elections for leadership of the Mashpee Wampanoag Tribe and/or the National Congress of American Indian. Accordingly, no Federal or State campaign law imposed any campaign contribution limitations, reporting, or disclosure requirements on Mr. DeQuattro or Mr. Cromwell; and

(2) The Mashpee Wampanoag Tribe had no laws or regulations that govern campaign contributions, including laws and regulations that specify contribution limits, entities or persons that are permitted to solicit or accept campaign contributions, and/or any reporting requirements in connection with such contributions. Similarly, the Mashpee Wampanoag Tribe had no laws or regulations regulating how a candidate is to disburse the campaign contributions.

The above two issues were within the scope of defense expert Skip Durocher's testimony, who the defense has noticed and intended to call as a witness at trial, In lieu of Mr. Durocher's testimony concerning the two matters above, the defense, with the Government's assent, respectfully requests this Honorable Court to read the judicially noticed matters at the appropriate time at trial and to instruct the jury on judicially noticed facts in accordance with Fed. R. Evid. 201.

Pursuant to Fed. R. Evid. 201, this Honorable Court may take "notice of an adjudicative fact… when (1) it is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See Melton v. Oklahoma City,* 879 F.2d 706, 724 n. 25 (10th Cir.1989) (taking judicial notice of matters when they are not subject to reasonable dispute and the accuracy cannot be questioned); *Newcomb v. Brennan,* 558 F.2d 825, 829 (7th Cir.1977) (noting that city ordinances can be judicially noticed because they fall within the category of "common knowledge").  Similarly, it has been long held that "the courts of the United States take judicial notice … of the laws and jurisprudence of the several States in which they exercise jurisdiction" and the "law of nations." *Brown v. Piper*, 91 U.S. 37, 42, 23 L. Ed. 200 (1875).  To the extent necessary, this Honorable Court, prior to taking judicial notice, could make determinations concerning foreign law pursuant to Fed. R. Crim. P. 26.1.  A formal request for judicial notice of law is not necessary.  "[T]he submission of a readily retrievable citation, or of copies of the relevant documents, ought to suffice." *Getty Petroleum Mktg., Inc. v. Cap. Terminal Co.*, 391 F.3d 312, 333 (1st Cir. 2004) (Lipez, J., concurring).

Here, the defense respectfully requests judicial notice on the above two subject-matters, which is consistent with opinions proffered by its expert witness Skip Durocher, a partner at the law firm of Dorsey & Whitney LLP and a co-chair of the firm's Indian and Alaska Native Practice Group, in his expert disclosure and during his *Daubert* hearing.

 Mr. Durocher, is an attorney who practiced in the area of Indian law for more than 27 years and has represented numerous Indian tribes across the United States, including on matters of tribal governance.  Based on his practice, experience, and review of relevant legislation, Mr.

Durocher would testify that the Federal Election Campaign Act ("FECA") regulates contributions to campaigns for federal offices and to certain organizations for the purpose of influencing elections for federal offices. 52 U.S.C. §§30101(1)-(4); (8)(A); 30116. Contributions made by Mr. DeQuattro or any other donors for the purpose of promoting elections for leadership of the Mashpee Wampanoag Tribe and/or the National Congress of American Indian ("NCAI") are not governed by FECA because no Tribal or NCAI office is a "federal office" under the FECA. 52 U.S.C. § 30101(3) ("'Federal office' means the office of President or Vice President, or of Senator or Representative in, or Delegate or Resident Commissioner to, the Congress."). Donations made for the purpose of supporting a bid for election for Tribal or NCAI office are accordingly not subject to the limitations, reporting, or disclosure requirements of the FECA. Furthermore, Chairman Cromwell would not fall within the definition of a "candidate," and the processes in which he was involved relating to NCAI and tribal office would not fall within the definition of "elections," for purposes of the FECA. *See* 11 C.F.R. §§ 100.2, 100.3. Similarly, State election laws govern elections of State leaders and are inapplicable to Chairman Cromwell, the Mashpee, and NCAI elections. The absence of Federal or State legislation governing tribal elections is consistent with the principle that Indian tribes, as independent sovereign nations exercise inherent powers to regulate their own elections with few exceptions. Additionally, Mr. Durocher has reviewed the laws and regulations governing the Mashpee Wampanoag Tribe, which are publicly available at https://mashpeewampanoagtribe-nsn.gov/law-and-policies (a copy of which could be provided to this Honorable court), and has determined that the Mashpee Wampanoag Tribe had no laws or regulations that govern campaign contributions, including laws and regulations that specify contribution limits, entities or persons that are permitted to solicit or accept campaign contributions, any reporting requirements or

3

limitations, or limitations on how a candidate is to disburse the campaign contributions.[1]  These subject matters are not in dispute and the accuracy of Mr. Durocher review and analysis is not questioned.

For all the foregoing reasons, the defense respectfully requests this Honorable Court to take judicial notice of the above two subject-matters, in lieu of Mr. Durocher's testimony on the issues at trial, and to provide the jury with the judicial notice consistent with Fed. R. Evid 201 at an appropriate time.

## COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

Undersigned counsel conferred with counsel for the Government and the Government, by and through AUSA Jared Dolan, assents to this request.

Respectfully Submitted,

**/s/ Martin G. Weinberg**
Martin G. Weinberg
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

Dated: April 4, 2022

---

[1] Mr. Durocher is not aware of whether the Mashpee Wampanoag Tribe has subsequently adopted any such laws or regulations.

4

## **CERTIFICATE OF SERVICE**

I, Martin G. Weinberg, hereby certify that on this date, April 4, 2022, a copy of the foregoing documents has been served, via ECF, upon all registered participants.

**/s/ Martin G. Weinberg**
Martin G. Weinberg