UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | No. 20-CR-10271 |
| ) | |
| CEDRIC CROMWELL, ) | |
| Defendant ) | |

**DEFENDANT CEDRIC CROMWELL'S PROPOSED JURY INSTRUCTIONS**

Timothy R. Flaherty
FLAHERTY LAW OFFICES
699 Boylston Street, 12th Floor
Boston, MA 02116
(617) 227-1800
BBO # 557477

Dated: April 13, 2022

Mr. Cromwell adopts and joins in the entirety of Mr. DeQuattro's requests for jury instructions as detailed in Dkt. 124.

## Request No. 1

### EXTORTION

**(As Conspiracy)**
Count 6
and
**(as Substantive Crime)**
Counts 7, 8, 9 and 10
18 U.S.C. § 1951

Mr. Cromwell is accused in Counts 6, 7, 8, 9 and 10 of violating the federal statue making illegal the commission of extortion under color of official right by obstructing, delaying or affecting commerce.

The charges contained in these Counts constitute two different theories concerning how the charged extortion violated federal law. Counts 7, 8, 9 and 10 charge Mr. Cromwell with the substantive crime of extortion. Count 6 charges Mr. Cromwell with being part of a conspiracy to commit the substantive charge of extortion.

You must consider each of these Counts and the facts and circumstances you find in the evidence regarding each separately. Your decision as to any one of these Counts does not necessarily mean that you will reach the same decision with respect to any other of these Counts.

Because all of these Counts turn on the substantive crime of extortion, I will outline the elements of that crime as charged in Counts, 7, 8, 9 and 10 before giving further instructions regarding the crime of conspiracy to extort as charged in Count 6.

For you to find Mr. Cromwell guilty of the substantive crime of extortion under color of official right, the Government must prove all of the following beyond a reasonable doubt:

<u>First</u>, that Mr. Cromwell knowingly and willfully obtained property from the person identified in the Count under consideration;

<u>Second</u>, that Mr. Cromwell did so by means of extortion under color of official right; and

<u>Third</u>, that the extortion affected interstate commerce.

The term "extortion" means the obtaining of property from another with his consent under circumstances in which that consent was obtained under color of official right.

The phrase "extortion under color of official right" requires the Government to prove beyond a reasonable doubt that as a public official Mr. Cromwell obtained property to which he was not entitled and knew at the time he was obtaining that property in return for official acts. The Government must prove beyond a reasonable doubt that the property was obtained in return for an <u>explicit</u> promise or understanding by Mr. Cromwell that he would perform an official act.

The term "interstate commerce" means commerce between any point in a state and any point outside the state. It is only necessary that the Government prove beyond a reasonable doubt that there is a realistic probability that the acts committed by Mr. Cromwell as charged in the indictment had some slight or minimal effect on interstate commerce.  It is not necessary for you to find that Mr. Cromwell knew or intended that his actions would affect interstate commerce.

Mr. Cromwell can be found to have acted "knowingly if he was conscious and aware of his actions, realized what he was doing or what was happening around him and did not act because of ignorance, mistake or accident.

3

Mr. Cromwell can be found to have acted "willfully" if he acted voluntarily and with the specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, he acted with bad purpose either to disobey or to disregard the law.

For you to find Mr. Cromwell guilty of the crime of conspiracy to commit extortion under color of official right, as charged in Count 6, the Government must prove the following beyond a reasonable doubt:

<u>First</u>, that the agreement specified in those Counts of the indictment, and not some other agreement, existed between Mr. Cromwell and at least one other person;

<u>Second</u>, that the object of that agreement was to commit extortion under color of official right; and

<u>Third</u>, that Mr. Cromwell willfully joined in that conspiracy.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not need to have a formal written agreement or plan in which everyone involved sat down together and worked out all of the details.

But the Government must prove beyond a reasonable doubt that those who agreed shared a general understanding about the object of their agreement. Mere similarity of conduct among various people, or the fact that they may have associated together with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy. But you may consider such factors, if you find them, as evidence of whether an agreement necessary to constitute a conspiracy existed.

The Government does not need to prove that the conspiracy succeeded or that its object was achieved. Crime of conspiracy to commit extortion under official right is completed upon the agreement to commit the underlying crime. Of course, the commission of the underlying crime of extortion may be evidence that a conspiracy to achieve that object existed between Mr. Cromwell and one or more persons.

The term "willfully" in the context of conspiracy means that the Government must prove that Mr. Cromwell acted voluntarily and intelligently and with the specific intent that the underlying crime under extortion under official right be committed – that is to say with bad purpose, either to disobey or disregard the law – and not to act by ignorance, accident or mistake.

The Government must prove two types of intent beyond a reasonable doubt to convince you that Mr. Cromwell willfully joined the conspiracy charged in Count 6: an intent to agree and an intent that the underlying crime of extortion under official right be committed.

Proof beyond a reasonable doubt that Mr. Cromwell willfully joined the agreement charged may be based on his own words and actions and on any other evidence I have permitted to be admitted in this case. As is always the case, you may also use circumstantial evidence in considering whether the Government has met its burden of proof beyond a reasonable doubt concerning the conspiracy charges. [1]

---

[1] Adapted from jury instructions in *United States v. Correia*, No. 18-CR-10364 (D. Mass.), Dkt. 222 at 9.

Respectfully Submitted
CEDRIC CROMWELL
By His Attorney,

/s/ Timothy R. Flaherty
Timothy R. Flaherty
FLAHERTY LAW OFFICES
699 Boylston Street, 12th Floor
Boston, MA 02116
(617) 227-1800
BBO # 557477

Dated: April 13, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that the above document was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

/s/ Timothy R. Flaherty
Timothy R. Flaherty