UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)   No. 20-CR-10271<br>DAVID DEQUATTRO,   )<br>      Defendant   )   |  |

**DEFENDANT DAVID DEQUATTRO'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HIS REQUEST FOR INSTRUCTIONS TO THE JURY REGARDING THE REQUIREMENT OF AN EXPLICIT *QUID PRO QUO***

Now comes the Defendant, David DeQuattro, by and through undersigned counsel, and hereby submits this Supplemental Memorandum in support of his request for instructions to the jury regarding the requirement of an explicit *quid pro quo*. *See* Dkt. 124, Request No. 8.

In *McCormick v. United States*, 500 U.S. 257, 273 (1991), the Supreme Court held that, in order for campaign contributions to violate the Hobbs Act,[1] they must be "made in return for an explicit promise or undertaking by the official to perform or not to perform an official act." This holding was expressly premised on the unique concerns that arise when a campaign contribution forms the basis for a federal criminal prosecution. As the Court explained, "[m]oney is constantly being solicited on behalf of candidates, who run on platforms and who claim support on the basis of their views and what they intend to do or have done." *Id.* at 272.

---

[1] While *McCormick* involved the Hobbs Act, the concerns expressed by the Court are readily applicable to a § 666 charge, like those at issue here, predicated upon campaign contributions. Indeed, the government acknowledges as much in its proposed instructions, waiving any contention that *McCormick* does not apply. *See* Dkt. 123 at 22 (citing cases).

1

To interpret federal criminal laws to apply to such conduct "would open to prosecution not only conduct that has long been thought to be well within the law but also conduct that in a very real sense is unavoidable so long as election campaigns are financed by private contributions or expenditures, as they have been from the beginning of the Nation." *Id.* The First Circuit has, accordingly, limited *McCormick* to cases involving campaign contributions to elected officials. *See United States v. McDonough*, 727 F.3d 143, 155 n.4 (1st Cir. 2013).

Courts have interpreted *McCormick* to impose "a heightened burden of proof" on the government in campaign contribution cases. *United States v. Pawlowski*, 27 F.4th 897, 903 (3d Cir. 2022); *see also United States v. Menendez*, 291 F. Supp. 3d 606, 631 (D.N.J. 2018) (referring to required finding of "an explicit *quid pro quo*" as "the heightened nexus requirement that applies to political contributions"). Indeed, the First Circuit's holding that *McCormick* applies only in the campaign contribution context necessarily implies that it requires something more than a *quid pro quo*. All Hobbs Act cases alleging extortion under color of official right and bribery prosecutions demand proof of a *quid pro quo*. *See McDonough*, 727 F.3d at 155; *United States v. Bravo Fernandez*, 722 F.3d 1, 26 (1st Cir. 2013). Accordingly, if *McCormick* merely reflected a garden variety *quid pro quo* requirement, it would be universally applicable.

To be sure, *McCormick*'s requirement of an **explicit** *quid pro quo* has not been interpreted to demand an **express** agreement. *See, e.g.*, *United States v. Siegelman*, 640 F.3d 1159, 1171 (11th Cir. 2011). Instead, it requires a heightened level of specificity and clarity regarding the terms of the alleged agreement to exchange payment for official acts. *See Pawlowski*, 27 F.4th at 903 ("A vague expectation of future benefits is not enough. Rather, the evidence, considered as a whole, must show that the official obtained or attempted to obtain

2

campaign contributions in exchange for specific promises to do or refrain from doing specific things." (citations omitted)); *Siegelman*, 640 F.3d at 1171 ("No generalized expectation of some future favorable action will do.  The official must agree to take or forego some specific action in order for the doing of it to be criminal under § 666."); *United States v. Allen*, 10 F.3d 405, 412 (7th Cir. 1993) (stating that following instruction "neatly sums up the central idea expressed in *McCormick*": "*[f]or a campaign contribution to be a bribe, there must be a specific request by the contributor made of the official to act or to refrain from acting as a quid pro quo for the contribution.  It is not enough that the contributor is making the contribution to create good will or with the vague expectation of help in the future*" (emphasis in original)); *United States v. Carpenter*, 961 F.2d 824, 827 (9th Cir. 1992) ("*McCormick* requires . . . that the quid pro quo be clear and unambiguous, leaving no uncertainty about the terms of the bargain.").

As *McCormick* articulated, this heightened burden of proof provides a necessary additional layer of protection in the context of campaign contributions where the expectation that a "candidate will respond by producing those political outcomes the supporter favors" is a "substantial and legitimate reason" to make payments to officials.  *Citizens United v. FEC*, 558 U.S. 310, 359 (2010) (citation omitted); *see also United States v. Bradley*, 173 F.3d 225, 231 n.1 (3d Cir. 1999) ("Campaign contribution cases present special problems because persons who hope that their interests will receive favorable treatment from elected officials legitimately may make campaign contributions to those officials.").

The foregoing is entirely consistent with Mr. DeQuattro's proposed instruction on this issue.  It is also consistent with both the government's proposed instruction and the First Circuit Pattern Instruction.  *See* Dkt. 123 at 24 (government's proposed instruction requiring "a clear and

3

unambiguous understanding that an official action was being promised in exchange for payment, rather than a vague expectation of some future benefit"); First Circuit Pattern Criminal Jury Instructions § 4.18.1951 (updated Dec. 31, 2021) ("If the property was obtained as a political or campaign contribution, the government must prove that the payment or other transfer was made in return for an explicit promise or understanding by [defendant] to perform or not to perform an official act.").

*McDonough* is not to the contrary. There, the First Circuit reaffirmed its holding that "*McCormick* applies only in the context of campaign contributions." 727 F.3d at 155 n.4. While *McDonough* involved a public official, the Speaker of the Massachusetts House of Representatives, the payments that constituted the alleged bribes were not campaign contributions, but instead fees paid to the official's law practice. *See id.* at 148-49.

                                              Respectfully Submitted,
                                              DAVID DEQUATTRO
                                              By His Attorney,

                                              **/s/ Martin G. Weinberg**
                                              Martin G. Weinberg, Esq.
                                              Mass. Bar No. 519480
                                              20 Park Plaza, Suite 1000
                                              Boston, MA 02116
                                              (617) 227-3700
                                              owlmgw@att.net

Dated: April 25, 2022

## **CERTIFICATE OF SERVICE**

  I, Martin G. Weinberg, hereby certify that on this date, April 25, 2022, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

                   **/s/ Martin G. Weinberg**
                   Martin G. Weinberg, Esq.