UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| v. ) | No. 20-CR-10271 |
| CEDRIC CROMWELL, ) Defendant ) | |

### DEFENDANT CEDRIC CROMWELL'S OPPOSITION TO THE GOVERNMENT'S BRIEF ON RESTITUTION

The Defendant, Cedric Cromwell ("Cromwell"), by and through undersigned counsel, respectfully submits this Response in Opposition to the government' Brief on Restitution. Cromwell submits that the government's request for restitution must be denied because it is untimely, Cromwell was not convicted of an offense against property, and the Tribe was not directly and proximately harmed.

### ARGUMENT

**1. The Request for Restitution is Untimely**

The government claims that the Mandatory Victims Restitution Act controls ("MVRA"). Cromwell agrees. 18 U.S.C. § 3664(d)(1) provides, in relevant part, that "not later than 60 days prior to the date initially set for sentencing, the attorney for the Government, after consulting, to the extent practicable, with all identified victims, shall promptly provide the probation officer with a listing of the amounts subject to restitution." The Presentence Report ("PSR") in this case, which was prepared with input from the government on September 29, 2022, and then revised on October 27, 2022, states "[r]estitution is not applicable in this case" and there was "no

1

identifiable victim." When the opportunity arose, the government failed to object to these findings, thereby waiving its rights to contest them now. See, e.g., *United States v. Aquino-Florenciani*, 894 F.3d 4,9 (1st Cir. 2018) (citing cases). However, on November 15, 2022, during the sentencing hearing, the government disclosed for the first time that the Tribe was entitled to restitution totaling more than $200,000. To undersigned counsel's surprise, the government argued that the Tribe claimed through its counsel (an experienced former federal prosecutor) that this cost was incurred through efforts in complying with grand jury subpoenas, reviewing records, and associated attorneys' fees. This late demand was made even though Tribe's counsel monitored the trial (and billed), attended the return of verdict (and billed), conferred with the prosecutors after the verdict to extend the Tribe's thanks (and billed), and circulated media reports of the verdict (and billed). The Tribe and it's counsel were obviously fully aware of the verdict that was returned on May 5, 2022, six months earlier, and didn't comply with the MVRA. Because the government failed to comply with 18 U.S.C. § 3664(d)(1), and further, because they failed to object to the PSR, the court should enforce the missed deadlines pursuant to the Mandatory Victim restitution Act. See *Dolan v. United States*, 560 U.S. 605, 611 (2010).

2. **Mr. Cromwell Was Not Convicted of a Crime "Against Property"**

As the government notes in its brief, restitution is only applicable to certain types of offenses, including those committed "against property." See 18 U.S.C. § 3663A(c)(1)(ii). Against means exactly that. "Property, therefore, must serve as the object of the offense, not simply a collateral component. At its simplest, this understanding includes offenses in which the defendant intends to damage another's property …." *United States v. Collins*, 854 F. 3d 1324, 1331 (11th Cir. 2017). The words "against property" were developed in common law and "referred to a specific set of criminal conduct" such as "larceny, embezzlement, cheating,

cheating by false pretenses, robbery, receiving stolen goods, malicious mischief, forgery, and uttering forged instruments." Id at 1332-33 (citation omitted).

As the Court is aware, Mr. Cromwell was convicted of two counts of bribery related to his receipt of a hotel stay, a used Bowflex machine, and a $10,000 check made payable to One Nation Development. After an exhaustive investigation prompted by reports from Mr. Cromwell's political opponents that he had absconded with the Tribe's money after the First Light Project stalled, there was no evidence that he misappropriated as much as a single dollar from Tribal funds, or for that matter, any monies advanced to Gamming Authority by Genting, the Tribe's investment partner. The government relies on cases that turn on the taking of another person's or entity's property. They are distinct and inapplicable. See *Collins*, 854 F.3d at 1335 (defendant withdrew funds belonging to the victim bank); *United States v. Turner*, 718 F. 3d 226, 236 (3d Cir. 2013) (involving conspiracy to defraud the IRS of its property, i.e., tax dollars owed); *United States v. Razzouk*, 984 F. 3d 181, 189 (2d Cir. 2020) (involving payments from the victim for which it "received no consideration"). It is "not readily apparent" that bribery "will always trigger" an award of restitution. "[T]he elements of" §666 "do not make it an offense against property." *United States v. Adhorno*, 950 F. Supp. 2d 426, 429 (E.D.N.Y. 2013) (distinguishing honest services fraud in violation of 18 U.S.C. § 1346). Not only was there no evidence that Mr. Cromwell took property that belonged to any other party, but there was also no evidence that Mr. Cromwell did anything at all in exchange for the items of value he received.

### 3. The Tribe Was Not Directly and Proximately Harmed, Nor Did it Suffer a "Pecuniary Loss"

The Tribe was not proximately and directly harmed by Mr. Cromwell's conduct. Victim" is defined as "a person directly and proximately harmed as a result of the commission of an

offense for which restitution may be ordered, including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or patter." 18 U.S.C. § 3663A (a)(2). The government contends that the Tribe's reputation was severely damaged as a result of the federal prosecution of Mr. Cromwell. It is difficult to discern, however, how that claim can be analyzed in light of the recent arrest of the current Chairman of the Mashpee Wampanoag Tribe, Brian Weeden, who is facing state prosecution for breaking and entering in the night-time with intent to commit a felony in connection with the theft of artifacts from Plimouth Patuxet Museum. See Exhibit A, Plymouth Police Department Incident Report, No. 22PLY-35592-OF, attached hereto. Moreover, the MVRA requires that a victim "has suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663A(c)(1)(B). Attorney's fees are not "subsumed under the term 'pecuniary loss.'" *United States v. Yu Xue*, No. 16-CR-22, 2021 WL 2433857, at *6(E.D. Pa. June 15, 2021). "[E]xpenses for legal fees and costs incurred during an investigation and prosecution of a defendant would only arise after a victim suffers a pecuniary loss 'as a result of the commission of an offense.'" Id. (quoting 18 U.S.C. 3663A (a)(2)).

                Respectfully Submitted
                CEDRIC CROMWELL
                By His Attorney,

                /s/ Timothy R. Flaherty
                Timothy R. Flaherty
                FLAHERTY LAW OFFICES
                699 Boylston Street, 12th Floor
                Boston, MA 02116
                (617) 227-1800
                BBO # 557477

Dated: December 15, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that the above document was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

        /s/ Timothy R. Flaherty
        Timothy R. Flaherty